GEHRKE v GEHRKE

Docket No. 253506. Submitted April 13, 2005, at Lansing. Decided May 10, 2005, at 9:15 a.m. Leave to appeal sought.

Pamela M. Gehrke obtained a divorce from Robert E. Gehrke in the Livingston Circuit Court, Family Division. The consent divorce judgment gave sole legal custody of the child to the plaintiff, but created an alternating schedule by which the child resides with each party approximately fifty percent of the time. The defendant was also ordered to pay family support, which included child support. The defendant subsequently requested the court to apply the shared economic responsibility formula (SERF) to his child support obligation, reduce his family support obligation, and apply parenting time abatement credits against his arrearage because of changed financial circumstances. The court, Susan L. Reck, J., entered a child support order that adopted the hearing referee's recommendation and did not apply the SERF, concluding that the formula could be applied only if custody or parenting time changed. The defendant appealed by delayed leave granted.

The Court of Appeals *held*:

1. Under 2001 MCSF IV(B), the SERF did not apply to the determination of the defendant's child support obligation because that formula should be applied only to a child support order that is entered concurrently with the initial custody or parenting time determination or with a modification of custody or parenting time on the basis of changed circumstances.

2. The trial court did not err by denying the defendant a retroactive parenting time abatement. Under 2001 MCSF IV(C), a parenting time abatement is given to noncustodial parents. Because the defendant shares physical custody of the child, he is a custodial parent and is not entitled to an abatement.

Affirmed.

*David M. Hartsook* for the plaintiff.

*Gentry Law Offices, P.C.* (by *Kevin S. Gentry*), for the defendant.

Before: FORT HOOD, P.J., and METER and SCHUETTE, JJ.

PER CURIAM. Defendant appeals by grant of a delayed application for leave to appeal a child support order, which adopted the child support recommendation of a friend of the court hearing referee. Defendant moved to have this order set aside. His motion was denied. We affirm.

## I. FACTS

The marriage of plaintiff Pamela M. Gehrke and defendant Robert E. Gehrke was dissolved by entry of a consent judgment of divorce on November 12, 1999. Plaintiff and defendant were awarded joint physical custody of their son, Gregory Allen Gehrke, born July 7, 1988. In accordance with the court's order, Gregory resides with plaintiff and defendant in alternating weeks. Each parent is responsible for "routine day-to-day decisions" regarding Gregory's general welfare during the time Gregory is in that parent's physical custody. Holidays, school breaks, and Gregory's birthday are alternated between parents. Plaintiff has her birthday and Mother's Day with Gregory, while defendant has his birthday and Father's Day. Each parent has one two-week block during the summer for vacation with Gregory. Plaintiff was awarded sole legal custody of Gregory.

Under the terms of the consent judgment, plaintiff was also awarded family support in the amount of $310 a week "until Plaintiff's death, remarriage, cohabitation with an unrelated male, or for a period of sixty months from the date of commencement, whichever first occurs." Of this $310, $150 was child support and $160 was spousal support.

On May 16, 2002, the court modified the divorce judgment to reduce defendant's family support obligation to $250 a week. Of this $250, $150 was child support and $100 was spousal support. Defendant sought this modification because he experienced a decrease in wages.

On August 2, 2002, defendant moved for application of the shared economic responsibility formula (SERF), reduction in family support, and application of a parenting time abatement credit against his arrearage because his "financial circumstances ha[d] become increasingly dire . . . ." Defendant argued that the SERF should be applied and that he should receive parenting time abatement credits because his son lives with him fifty percent of the time. In her answer, plaintiff asserted that the SERF did not apply because the Michigan Child Support Formula prohibits the application of the SERF except (1) concurrently with an initial custody or parenting time determination or (2) to modifications of custody or parenting time on the basis of a change of circumstances.

On September 12, 2002, hearing referee Kathleen Oemke conducted a hearing on defendant's motion and subsequently made a recommendation. That recommendation, which was adopted by the court, reduced defendant's child support obligation to $72 a week.

On November 27, 2002, referee Oemke conducted a hearing on support issues. Defendant argued that he was entitled to application of the SERF under *Burba v Burba (After Remand)*, 461 Mich 637; 610 NW2d 873 (2000). In her report and recommendation dated December 4, 2002, referee Oemke recommended that defendant pay child support of $414.92 a month. She distinguished the present case from *Burba*, and found that defendant was not entitled to application of the SERF. She opined:

[*Burba*] is distinguished from the case at bar due to the Court having made a determination at the outset that shared economic responsibility would not be applied. The court gave the Plaintiff sole legal custody and family support was agreed. It is clear that family support was based on regular support formula. The Court in Burba was talking about departure from the guidelines and the reasons the court might order support at a rate other than at the guideline amount and the factors for departure from the guidelines. The recommended amount varies from the guidelines because it would be inequitable for either party to follow the strict guidelines. The regular support formula usually has an abatement when the child spends 6 overnights or more and no such abatement can be afforded in this case as the custody arrangement is a week on and a week off. The shared economic responsibility formula is not equitable due to the added responsibility of the legal custody for the Plaintiff and her prior reliance on the bargained for agreement of the parties. Application of the strict guidelines would be unjust or inappropriate for the reasons stated.

This report and recommendation was adopted by the court in an order dated January 5, 2003.

Defendant moved to set aside the January 5, 2003, order, arguing that the order was entered without a hearing on defendant's objections to the referee's recommended order because of a scrivener's error in the title of defendant's objections. A hearing was held on January 30, 2003. In an oral ruling, the court denied defendant's motion and reaffirmed its earlier decision that the SERF did not apply in this case, explaining in part:

I'm thinking it was back in November that I read in my notes that I said very clearly in that order—current law the way I understand it you don't start applying shared economic responsibility formula, child support formula unless you do a change of custody or parenting time. It does have to do with a change of circumstances regarding his finan-

cial situation. I know that seems strange. But I believe that's the law as it stands now. And part of the reason for it is when you do your judgments of divorce all of this is considered. And uh, it's all part of the big package, one little bit, one little item of child support or alimony and pluck it out and say you know, and think that you can change that without changing everything. So often these things affect other things, the property settlement, who gets the exemption for the tax returns, et cetera, et cetera. So that's my understanding of the law. And I've already made this decision. I think it's the law of the case uh, that shared economic responsibility does not um, does not apply and I think you would lose your motion any ways. I don't see any reason to set it aside.

The court effectuated its oral ruling by an ordered entered January 30, 2003.

## II. STANDARD OF REVIEW

This Court reviews child support orders for a clear abuse of discretion. *Burba, supra* at 647. Further, whether defendant is entitled to application of the SERF or a retroactive parenting time abatement is a question of law that we review de novo. *Burba, supra* at 647.

## III. ANALYSIS

Defendant argues that the trial court erred by its failure to apply the SERF to its computation of defendant's child support obligation or, in the alternative, to grant defendant a retroactive parenting time abatement because defendant's son spends one-half of all overnight periods with defendant. We disagree.

The trial court did not err by failing to apply the SERF or to grant defendant a retroactive parenting time abatement. Defendant is not entitled to application of the SERF because the child support order he

appeals was not issued concurrently with an initial custody or parenting time determination or with a modification of custody or parenting time on the basis of changed circumstances. Defendant is not entitled to a parenting time abatement because he is a custodial parent. Abatements are given only to noncustodial parents.

MCL 552.605(2) provides:

> [T]he court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate . . . .

If the court determines that application of the child support formula would be unjust or inappropriate, the court must set forth its reasons in writing or on the record. MCL 552.605(2)(d). Thus, a court must apply the SERF if it is applicable, or set forth its reasons for deciding not to apply it.

The SERF is to be used in a determination of a parent's child support obligation when a child spends more than 128 nights a year with that parent. Defendant's son Gregory spends one-half of his overnight periods each year with defendant; therefore, defendant argues he is entitled to application of the SERF. The trial court, however, was correct in determining that the SERF was inapplicable to the present case because "[t]he economic sharing formula should only be applied to support orders entered concurrent with an initial custody/parenting time determination or to modifications of custody/parenting time based upon changed circumstances." 2001 MCSF IV(B), p 26. This Court is

obligated to ensure compliance with the plain language of the Michigan Child Support Formula Manual. See *Burba, supra* at 643-651. The child support order from which defendant appeals was neither entered concurrently with the initial custody or parenting time determination nor with a modification of custody or parenting time; therefore, the SERF cannot be applied to a determination of defendant's child support obligation.

However, defendant argues that our Supreme Court's decision in *Burba* requires a different result. In *Burba,* the parties' consent judgment of divorce awarded the parties joint legal and physical custody of their children and required the plaintiff to pay child support of $500 a month. Under the terms of the consent judgment, the parties shared equal time with the children. Later, the defendant filed a petition pro se to modify the child support order. In response to the petition, a hearing referee made a recommendation to modify the child support using the sole custody calculation, rather than the SERF, which the Court called the joint legal and physical custody calculation. *Burba, supra* at 639-640. The referee had recommended deviation from the SERF because of the "huge disparity in income" between the parties. *Id.* at 641. The plaintiff argued that income disparity was not a reason to deviate from the SERF, and appealed the trial court's decision to adopt the referee's recommendation. *Id.* at 641-642. This Court affirmed the trial court's decision, ruling that the trial court set forth sufficient reasons to deviate on the record. The plaintiff appealed to our Supreme Court. *Id.* at 642.

Our Supreme Court stated that the SERF "was applicable because the parties shared joint physical and legal custody of the children." *Id.* at 640. The Court then addressed (1) whether the trial court properly

relied on income disparity to deviate from the SERF and (2) whether the judge complied with the statutory requirements for modifying the support order and deviating from the formula. *Id.* at 642-651. During this discussion, the Court observed that "the Washtenaw County [Friend of the Court] also made significant errors. As mentioned above, the referee applied the sole custody calculations to this joint physical and legal custody scenario." *Id.* at 649.

In *Burba*, as in the present case, the child support order being appealed was neither entered concurrently with an initial custody or parenting time determination nor with a modification of custody or parenting time, but that did not prevent our Supreme Court in *Burba* from determining that the referee erred by using the sole custody calculation instead of the SERF. Defendant argues that, under *Burba*, he is entitled to application of the SERF, even though the child support order he appeals was neither entered concurrently with the initial custody or parenting time determination nor with a modification of custody or parenting time. Defendant's argument is certainly supported by the action of the *Burba* Court. Although the *Burba* Court never expressly addressed the language of the SERF, its action does suggest that the SERF's language is broad enough to justify its application to all subsequent modifications of child support orders. However, because *Burba* did not expressly hold so, and, indeed, the question was not before it, the trial court in this case remained obligated to follow the Michigan Child Support Formula Manual. Compare *Waltz v Wyse*, 469 Mich 642, 653-654; 677 NW2d 813 (2004) (the plain statutory language controls over contrary language found in Supreme Court dicta). Thus, it did not err by finding the SERF inapplicable to a determination of defendant's child support obligation.

Next, the trial court did not err by denying defendant a retroactive parenting time abatement. The parenting time abatement is given to noncustodial parents. See 2001 MCSF IV(c), p 27; *Burba, supra* at 640 n 1. Defendant shares physical custody of his son with plaintiff; he is not a noncustodial parent. Thus, he is not entitled to a parenting time abatement.

Affirmed.