PETERSON v PETERSON

Docket No. 260591. Submitted October 12, 2006, at Petoskey. Decided
October 24, 2006, at 9:00 a.m.

Brenda Jo Peterson was granted a divorce from Howard R. Peterson by
the Clare Circuit Court. She subsequently sought an increase in child
support consistent with the child support formula. Following a
hearing de novo, the court, Thomas P. McLaughlin, J., adopted the
Friend of the Court's recommendation for increased child support.
The court determined that the defendant's depreciation allowance for
his business could not be deducted from his income for purposes of
setting the support amount. The court, however, also concluded that
it was appropriate to deduct from the defendant's income the amount
of taxes the defendant would have been required to pay had he not
taken the depreciation deduction when calculating his tax obligation.
Thus, the court computed the theoretical tax liability on the total of
the defendant's business profit plus the depreciation allowance and
deducted that amount from the defendant's income. The plaintiff
appealed by leave granted.

The Court of Appeals *held*:

The trial court erred by deducting theoretical taxes from the
defendant's income for purposes of calculating child support.
When ordering child support, a trial court must generally follow
the formula set forth in the Michigan Child Support Formula
Manual. The trial court properly included the defendant's depre-
ciation allowance as part of his income. With regard to allowable
deductions from income, however, the manual provides that gross
income can be reduced by federal, state, and local income taxes.
2001 MCSF II(K)(2), now 2004 MCSF 2.12(B). The manual
contains no language allowing an adjustment for theoretical
income taxes. When a party actually has income subject to taxa-
tion, as opposed to having income imputed, the deduction for
income taxes when calculating child support is limited to the
amount actually taxed. While the manual and MCL 552.605(2)
allow a court to deviate from the child support formula when
applying the formula would be unjust or inappropriate, it is not
unjust or inappropriate to allow a deduction solely for the amount
of taxes actually incurred. Using theoretical taxes in the calcula-

tion conflicts with the underlying legislative principles of basing the child support formula on the needs of the child and the actual resources of each parent.

Reversed and remanded.

DIVORCE — CHILD SUPPORT — CHILD SUPPORT FORMULA.

Federal, state, and local taxes are allowable deductions from gross income for purposes of calculating child support under the Michigan child support formula; in situations in which a parent actually earns income with no imputation of income, the amount of the deduction for income taxes is the amount actually taxed (2001 MCSF II[K][2]; 2004 MCSF 2.12[B]).

*Karl A. H. Bohnhoff* for the plaintiff.

*Dreyer, Hovey & Diederich, LLP* (by *Tara S. Hovey*), for the defendant.

Before: WHITBECK, C.J., and MURPHY and SMOLENSKI, JJ.

MURPHY, J. Plaintiff appeals by leave granted the trial court order adopting the Friend of the Court (FOC) recommendation concerning defendant's child support obligation. The issue presented to us is whether the trial court, in the context of calculating defendant's child support obligation, erred in deducting taxes from defendant's income. These taxes were not actually incurred by defendant, but theoretically would have been incurred had defendant not been entitled to a depreciation allowance in preparing his income tax returns. This depreciation allowance indisputably could not be deducted from income when examining the parties' income levels relative to child support. Because the 2001 version of the Michigan Child Support Formula Manual (MCSF Manual)[1] does not allow deduc-

---

[1] For purposes of this opinion, we shall cite the 2001 MCSF Manual, unless otherwise indicated, because it was in effect when plaintiff filed

tions for theoretical taxes, as opposed to taxes actually incurred, on income received by a parent, and because limiting deductions to taxes actually incurred is not unjust or inappropriate, the trial court erred in its child support calculation, and we reverse and remand.

### I. FACTS AND PROCEDURAL HISTORY

In June 2001, the parties divorced, and the judgment of divorce awarded the parties joint legal and physical custody of their two minor children. The divorce judgment further reflected that, pursuant to an agreement between the parties, neither party was to pay child support. In May 2002, plaintiff filed a motion seeking child support because of a change in her employment status, and an order was subsequently entered, requiring defendant to pay $43 a week in support.

In April 2004, plaintiff filed a motion in which she sought sole physical custody of the children and an order of child support consistent with the child support formula. The matter was referred to the FOC, and it recommended that joint legal and physical custody continue, that defendant be awarded some additional parenting time, and that defendant pay child support in the amount of $731 a month. Plaintiff timely objected to the FOC recommendations and requested a hearing de novo. She challenged the parenting time recommendation, and she argued that the child support recommendation was improper as it did not "take into account [defendant's] actual income . . . ."

---

the motion regarding custody and support and when the trial court issued its support order on September 30, 2004. The 2004 MCSF Manual became effective on October 1, 2004. Our opinion, however, is applicable to support cases brought on or after October 1, 2004, because the language in the 2004 MCSF Manual is comparable to the language in the 2001 MCSF Manual in relation to the principles and issues presented in this case.

At the hearing de novo, defendant, a self-employed water well driller, testified regarding his income and his 2003 income tax returns. The federal return reflects that his business had a profit of $29,235. The attached Schedule C form, which addresses profits and losses for sole proprietorships, indicates that defendant claimed a $51,152 depreciation allowance. Defendant's business had gross income of $121,062, which was reduced by various deductions for expenses, including depreciation. Defendant paid approximately $5,000 in actual state and federal taxes for 2003.

Consistently with the FOC's position, the trial court determined that, when calculating defendant's income for purposes of setting the child support award, the depreciation allowance could not be deducted from his income,[2] regardless of whether it constituted a proper deduction for purposes of preparing defendant's income tax returns. The parties do not dispute this ruling, and it finds support in 2001 MCSF II(O)(6), p 16.[3] This would leave defendant with an income of approximately $80,000 with respect to calculating child support and without considering tax deductions. The focus of the

---

[2] Stated somewhat differently, and viewing it from the perspective of looking at the numbers on the tax return, the trial court found it proper to add the amount of the depreciation allowance back into defendant's income.

[3] The MCSF Manual provides that "there are a considerable number of deductions allowed for taxation of business[es] and individuals that are irrelevant to, and therefore **not** allowed as deductions from income for purposes of, [a] child support determination . . . ." 2001 MCSF II(O)(6), p 16 (emphasis in original). The MCSF Manual then proceeds to indicate that certain depreciation allowances are not deductible. Because neither party asserts that it was error to add the amount of the depreciation allowance back into defendant's income and not allow it as a deduction, we shall not explore the matter any further. We also note that the language in the 2004 MCSF Manual regarding depreciation allowances is nearly identical to the language found in the 2001 MCSF Manual. 2004 MCSF 2.11(D)(7), pp 16-17.

parties' disagreement and this appeal is whether the deductions from income, again for purposes of calculating child support, should include the amount of taxes actually incurred by defendant or the amount of taxes defendant would have been required to pay had the deduction for depreciation not been considered in calculating defendant's tax obligation to the Internal Revenue Service, i.e., the taxes on approximately $80,000. The position of the FOC, the trial court, and defendant was that, if defendant's income was going to include the amount of the depreciation allowance in calculating child support, it would be appropriate to compute the theoretical tax liability on $80,000 and to deduct that amount from his income. The trial court's order provides:

> The net income for calculation of child support on the part of the father consists of his net income pursuant to his 2003 US tax return [$29,235] plus non-cash deductions taken on that return [$51,152 depreciation allowance], less income tax at the theoretical rate for the enhanced level of income.

By plaintiff's computation and consistently with the FOC worksheets, utilizing theoretical taxes results in a deduction of approximately $25,000 from defendant's income, as opposed to a $5,000 deduction for taxes actually paid, thereby creating a $20,000 difference in income for purposes of calculating child support. Plaintiff's motion for reconsideration was denied in cursory fashion, and she appealed by leave granted.

## II. STANDARDS OF REVIEW

Child support orders and the modification of such orders are reviewed for an abuse of discretion. *Burba v Burba (After Remand)*, 461 Mich 637, 647; 610 NW2d 873 (2000); *Gehrke v Gehrke*, 266 Mich App 391, 395;

702 NW2d 617 (2005). Whether a trial court properly operated within the statutory framework relative to child support calculations and any deviation from the child support formula are reviewed de novo as questions of law. *Burba, supra* at 647.

### III. ANALYSIS

In determining child support, the trial court must generally follow the formula set forth in the MCSF Manual, which is published by the FOC pursuant to legislative mandate. MCL 552.519(3)(a)(*vi*); MCL 552.605(2); *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 225; 663 NW2d 481 (2003). Similarly, the FOC is generally required to use the child support formula found in the MCSF Manual in calculating support. MCL 552.517(3). "[T]he child support formula 'shall be based upon the needs of the child and the actual resources of each parent.' " *Ghidotti v Barber*, 459 Mich 189, 198; 586 NW2d 883 (1998), quoting MCL 552.519(3)(a)(*vi*). When ordering child support, the trial court is governed by statute as follows:

> Except as otherwise provided in this section, the court shall order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau as required in section 19 of the friend of the court act, MCL 552.519. The court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following:
>
> (a) The child support amount determined by application of the child support formula.
>
> (b) How the child support order deviates from the child support formula.
>
> (c) The value of property or other support awarded instead of the payment of child support, if applicable.

(d) The reasons why application of the child support formula would be unjust or inappropriate in the case. [MCL 552.605(2).]

Thus, as required by MCL 552.605(2), when deviating from the formula, the trial court fulfills its statutory duty only when the court has articulated its rationale in accordance with subsection 2(a) through (d). *Burba, supra* at 644-645.[4]

Under 2001 MCSF II, p 3, " 'net income' refers to gross income minus all of the deductions allowed for the purpose of calculating child support. 'Net income' many times will not be equivalent to an individual's net pay, net taxable income, or other similar terms used by other governmental agencies."[5] Pursuant to 2001 MCSF II(K)(2), p 10, federal, state, and local taxes are allowable deductions from gross income.[6]

In this case, there is no dispute that the trial court properly included defendant's $51,152 depreciation allowance as part of his income for purposes of calculating child support. However, with regard to allowable deductions from income, the MCSF Manual merely provides that gross income can be reduced by federal, state, and local taxes. But the FOC and the trial court allowed a deduction based on theoretical taxes that would have been incurred according to the applicable tax rates for 2003. The problem with this ruling is that the MCSF

---

[4] The *Burba* Court analyzed MCL 552.17(2), which, at the time *Burba* was decided, included the same language as MCL 552.605(2). Subsection 2 of MCL 552.17 was deleted in 2001, and MCL 552.605 was amended that same year. 2001 PA 106 and 107. Therefore, *Burba* remains controlling authority.

[5] The 2004 MCSF Manual contains the same definition of "net income." 2004 MCSF 2.01(E), p 7.

[6] In the 2004 MCSF Manual, there are also provisions allowing for the deduction of federal, state, and local income taxes. 2004 MCSF 2.12(B), pp 17-18.

Manual does not expressly allow the FOC or the trial court to deduct an amount for theoretical taxes that were not actually incurred by an individual who earned income. The MCSF Manual does not contain any conditional language that would allow for an adjustment to the federal, state, and local taxes actually incurred. This Court must ensure compliance with the plain language of the MCSF Manual. *Gehrke, supra* at 396-397, citing *Burba, supra* at 643-651. In that regard, the FOC and the trial court erred by improperly adjusting defendant's income downward by approximately $20,000 for purposes of the child support calculation by deducting theoretical income taxes, as opposed to actual taxes, because the MCSF Manual does not contain any language that would allow for such an adjustment. See *AFSCME v Detroit*, 468 Mich 388, 412, 662 NW2d 695 (2003) ("We cannot read into the statute what is not there.").[7] Our holding is consistent with the Legislature's mandate that the child support formula be "based upon the needs of the child and the *actual resources* of each parent." MCL 552.519(3)(a)(*vi*) (emphasis added).

Before moving on to the issue of deviation from the child support formula, we wish to emphasize that our opinion only concerns situations in which a parent is actually earning income, with no imputation of income, and there is an allowable deduction from that income for purposes of tax liability but not for purposes of calculating child support. In such a situation, the actual

---

[7] In the 2004 MCSF Manual, there are guidelines regarding federal, state, and local tax deductions that are not included in the 2001 MCSF Manual. 2004 MCSF 2.12(B), pp 17-18. While the additional language speaks of calculating or estimating taxes when tax returns are not made available or cannot be obtained in order to best determine what the parent probably paid in taxes, the language does not suggest in any manner that theoretical taxes may be considered.

amount of the resulting lower tax payment is to be deducted from income in calculating support, and not some theoretical tax that was not actually paid. This opinion, however, is not intended to preclude a court from imputing income to an unemployed or underemployed parent and, in making the support calculation, taking into consideration tax consequences that would have affected the amount imputed. The MCSF Manual specifically provides, "In cases in which income is imputed, the amount imputed should be sufficient to bring total income up to the level *it would have been* if there had been no reduction in income . . . ."[8] 2001 MCSF II(I), p 9 (emphasis added). Accordingly, there is language to support taking into consideration theoretical tax consequences when imputing income. Here, we are not imputing income to defendant; he earned the money that equates to the depreciation allowance. As we view the MCSF Manual, when there is actual taxation on income, the amount of the deduction in calculating child support is the amount taxed, no more and no less.

In light of our holding, the trial court's ruling can be viewed as a deviation from the MCSF Manual, and MCL 552.605(2) allows the court to deviate when application of the child support formula would be unjust or inappropriate. If deviating, the trial court must satisfy the requirements set forth in MCL 552.605(2)(a) through (d) in writing or on the record.[9]

---

[8] See comparable language in 2004 MCSF 2.10(G), p 14.

[9] Reviewing the transcript of the custody and support hearing and the trial court's order, it is unclear whether the court actually viewed itself as deviating from the child support formula or as complying with the formula. The court did indicate that it would be unfair to defendant not to consider theoretical taxes. Because the MCSF Manual does not contemplate a deduction for theoretical taxes under the circumstances presented, the court's ruling constituted a deviation from the formula,

As a matter of comparison, *Burba* involved a deviation from the child support formula. The *Burba* Court concluded that the trial court failed to fulfill its duty under MCL 552.17 (now found in MCL 552.605[2]) by not articulating, in writing or on the record, the amount of child support it would have ordered had it followed the child support formula and how the child support order deviated from the formula. *Burba, supra* at 645-646. Moreover, in reviewing the trial court's decision to deviate from the formula on the basis of income disparity, the Supreme Court held that the trial court erred because application of the formula was not unjust or inappropriate and that income disparity was not an appropriate reason to deviate because income levels and any income disparity were already factored into and considered by the formula. *Id.* at 646-649.

Here, the trial court also failed to satisfy some of the technical requirements of MCL 552.605(2), but remand for proper articulation is unnecessary because it simply is not unjust or inappropriate to apply the child support formula and allow a deduction solely for the amount of taxes actually incurred. As noted by the *Burba* Court, "the Legislature directed that the formula be based on the children's needs and the *actual resources* of each parent." *Burba, supra* at 648 (emphasis added). Therefore, the trial court's rationale for using the theoretical taxes conflicts with the underlying principles of the child support formula. Defendant had funds available to pay toward supporting his children; the funds had not been paid to the IRS. While one might argue that it is unjust not to allow defendant to reap the benefit of a theoretical tax deduction when his business assets are

and considering that the trial court also framed its ruling in such a manner that suggested an intent to deviate, we shall address deviation from the child support formula.

depreciating in value—which ultimately will, in all likelihood, result in replacement or repair costs—to rule otherwise would directly conflict with the MCSF Manual, which disallows deductions for certain depreciation allowances, such as the depreciation allowance here. Any other ruling would significantly eviscerate the depreciation provision of the MCSF Manual.

### IV. CONCLUSION

Because the trial court's ruling permitting a deduction for theoretical taxes instead of the actual taxes incurred does not find support in the MCSF Manual, and because it would not be unjust or inappropriate to only consider the taxes actually incurred, the trial court erred in deducting theoretical taxes from defendant's income for purposes of calculating child support.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.