# STATE OF MICHIGAN

# COURT OF APPEALS

---

RUDOLF MARCEL SMALING,

        Plaintiff/Counter
        Plaintiff/Appellee/Cross-Appellant,

v

LAURA CORDELIA SMALING,

        Plaintiff/Counter
        Plaintiff/Appellant/Cross-Appellee.

UNPUBLISHED
December 4, 2014

No.   314826
Kalamazoo Circuit Court
Family Division
LC No.   2011-005451-DM

---

Before:  M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Plaintiff-husband and defendant-wife each appeal by right portions of the parties' judgment of divorce.  Defendant argues that the trial court erred by limiting the term of spousal support, by failing to order plaintiff to pay the entirety of defendant's attorney fees, and by deviating from the child support formula guidelines regarding payment of their children's uninsured medical expenses.  Plaintiff argues that the trial court erred by ordering him to pay defendant a percentage of bonuses earned from his employer during the period of support.  For the reasons discussed below, we vacate the judgment of divorce with respect to the awards of spousal support and child support, remand for further proceedings, and retain jurisdiction.

The parties were married for 22 years and had four children who, at the time of trial, ranged in age from eight to 15 years old.  The parties were each 45 years old at the time the divorce complaint was filed.  At the time of trial, plaintiff was employed as a director of engineering with an annual salary of $185,000.  He also typically received approximately $40,000 to $50,000 in annual bonuses.  Defendant had left the professional workforce when the couple had children and worked part-time as a piano teacher earning approximately $10,000 per year.

Defendant requested lifetime spousal support.  The court instead awarded spousal support for a period no greater than seven years, though it ruled that spousal support was modifiable.  The court ordered that for the first three years, plaintiff shall pay spousal support such that, inclusive of child support, defendant would receive $6,000 per month for three years and that in the following four years, plaintiff is to pay spousal support such that, inclusive of child support,

-1-

defendant would receive $4,000 per month. The court also ordered plaintiff to report his yearly bonuses to the Friend of the Court (FOC), which would then determine the amount of child support to be paid from those bonuses, and, should the FOC be unable to do so, defendant would be awarded 25 percent of the gross proceeds of the bonuses.

Defendant filed a motion for reconsideration requesting, inter alia, that the court order spousal support to continue until the parties' youngest child reached the age of eighteen. The trial court denied the motion.

On appeal, defendant argues that the trial court erred when it concluded that plaintiff had taken on a great deal of the marital debt and when it found that defendant had not attempted to reduce her expenses. Defendant further asserts that the court abused its discretion in limiting the period of spousal support and should instead have granted support at least through the time that the youngest child reached age eighteen. On cross-appeal, plaintiff argues that the trial court erred by awarding defendant a portion of plaintiff's annual bonuses above and beyond the other support. We conclude that, due to the trial court's combined award of spousal support and child support, the record is insufficient to allow a meaningful appellate review of these specific arguments.

In a novel approach, the trial court awarded defendant a specific amount of combined spousal support and child support, but did not establish specific amounts of each in its order. Defendant's total award was to be supplemented by another unspecific portion of plaintiff's yearly bonuses. Such nonspecific awards are insufficient to allow for adequate appellate review. First, the objectives of spousal support and child support are different. The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished and is to be based on what is just and reasonable under the circumstances of the case. *Moore v Moore*, 242 Mich App 652, 654; 619 NW2d 723 (2000). By contrast, child support is "based upon the needs of the child and the actual resources of each parent." *Peterson v Peterson*, 272 Mich App 511, 516; 727 NW2d 393 (2006) (quotation marks and citations omitted). Second, awards of spousal support and child support are calculated differently. Spousal support is calculated based on the following factors:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003).]

By contrast, "[i]n determining child support, the trial court must generally follow the formula set forth in the [Michigan Child Support Formula (MCSF)] Manual, which is published by the FOC pursuant to legislative mandate." *Peterson*, 272 Mich App at 516. Third, awards of spousal support and child support are subject to different, albeit similar, standards of appellate review. An award of spousal support is reviewed for an abuse of discretion and "must be affirmed unless

we are firmly convinced that it was inequitable." *Gates v Gates*, 256 Mich App 420, 432-433; 664 NW2d 231 (2003). While an award of child support is also reviewed for an abuse of discretion, "[w]hether a trial court properly operated within the statutory framework relative to child support calculations and any deviation from the child support formula are reviewed de novo as questions of law." *Peterson*, 272 Mich App at 516-517.

Because the trial court did not award specific amounts of spousal support and child support, and because its award to defendant of part of plaintiff's bonuses was similarly nonspecific both as to its amount and whether it applied to spousal support or child support, we vacate the trial court order and remand with instructions to award specific amounts of spousal support and child support, as well as a specific percentage or amount of plaintiff's bonuses as child support and as spousal support, respectively.

Despite our vacating the trial court support order, we will address two of defendant's remaining arguments, those regarding attorney fees and the payment of the children's out-of-pocket medical expenses, because we find the necessary factual findings and trial court rulings sufficient to facilitate appellate review.

Defendant argues that the trial court abused its discretion when it failed to order plaintiff to pay a larger amount of defendant's attorney fees. This Court reviews for an abuse of discretion a trial court's award of attorney fees in a divorce action. *Hanaway v Hanaway*, 208 Mich App 278, 298; 527 NW2d 792 (1995). Findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error. *Stallworth v Stallworth*, 275 Mich App 282, 288; 738 NW2d 264 (2007).

After reviewing the record, we agree with plaintiff's view that defendant's counsel waived this issue by agreeing to a payment of $8,500 from plaintiff in lieu of the trial court calculating an attorney fee award and reducing it by items such as mediation fees incurred by plaintiff. "A party may not harbor error as an appellate parachute by assenting to action in the lower proceeding and raising the issue as an error on appeal." *Wilcoxon v City of Detroit Election Comm*, 301 Mich App 619, 640 n 8; 838 NW2d 183 (2013). Likewise, defendant's assertion that the trial court should not have used an ING bank account to provide fees for both parties' attorneys was waived because the parties treated the division of the account and the attorney fee award together. Accordingly, we affirm the trial court's rulings regarding defendant's attorney fees and the ING bank account.

Defendant challenges the trial court's decision to require her to pay 50 percent of the children's out-of-pocket medical expenses despite the MCSF recommendation that plaintiff pay 90 percent of those costs. Child support orders are reviewed for an abuse of discretion, factual findings underlying the trial court's decisions are reviewed for clear error, and whether the trial court properly applied the MCSF presents a question of law reviewed de novo. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). A court must follow the MCSF, deviating from it "only if the formula would be unjust or inappropriate based on the facts of the case" and sets forth the reasons for departure in writing. MCL 552.605(2); *Clarke*, 297 Mich App at 179.

The court found that defendant should pay more than the MCSF-calculated share of 10 percent of the children's uninsured medical bills because "the court is convinced that the wife in

this case tends to overuse medical care as opined by her husband." Plaintiff argues that this was appropriate pursuant to the "any other factor" provision, which is now found in 2008 MCSF 1.04(E)(21). We conclude that, in light of the evidence presented, the trial court erred in concluding that defendant overused medical services for her children, and since this was the sole basis for the deviation, we reverse and remand for the court to order division consistent with the MCSF.

Defendant testified to various health concerns regarding the children. She stated that one child had asthma and had broken both arms in the last five years while climbing trees. She stated that another child suffered from irritable bowel syndrome, psychological problems including depression, and had ear tubes. She stated that a third child is lactose intolerant, has had three sets of ear tubes, and sees a chiropractor monthly. She also testified about two incidents where the children required care in a hospital and plaintiff did not want her to take them because of the expense: one for severe salmonella and one for a partial amputation of a finger.

She also testified about the disagreement she had with plaintiff when she decided to take the eldest son to a psychiatric care facility. Defendant maintained that she brought the child to the facility because he was punching holes in the wall, physically pushing her around, throwing things, and making suicide threats after she told him that she would not tolerate his drinking and called the police. Plaintiff did not support her decision and took the child to live with him in Indiana once the child was released from the facility.

Significantly, defendant presented the testimony of Rosa Maira, D.O., the children's physician, whose details of the children's medical histories mirrored defendant's. Dr. Maira confirmed the diagnoses and treatments in question and when asked whether the children were "going to the doctor too often" or more than necessary, she testified that, on the basis of her review of the medical records, they were not. By contrast, plaintiff offered no contrary medical testimony or other medical evidence. He offered only his own opinion testimony as to the need for certain treatments. Given the disparity in evidence, we conclude that the trial court erred in its findings and so abused its discretion by concluding that the MCSF-calculated formula, which provided that defendant be responsible for 10 percent of the children's uninsured medical expenses "would be unjust or inappropriate based on the facts of the case." MCL 552.605(2); *Clarke*, 297 Mich App at 179. Accordingly, we direct the trial court on remand to order plaintiff and defendant to bear the costs of the children's out-of-pocket medical expense consistent with the MCSF.

Vacated and remanded for proceedings consistent with this opinion. We retain jurisdiction.


/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

# Court of Appeals, State of Michigan

## ORDER

Rudolf Marcel Smaling v Laura Cordelia Smaling

Docket No.   314826

LC No.     2011-005451-DM

Michael J. Kelly
Presiding Judge

Jane M. Beckering

Douglas B. Shapiro
Judges

Pursuant to the opinion issued concurrently with this order, those portions of the judgment of divorce addressing spousal support and child support are vacated and the case REMANDED to the trial court to clarify its judgment as to the amounts and terms of such support. The trial court shall also modify the judgment to conform to this Court's ruling as to the payment of the children's out-of-pocket medical expenses.

The trial court shall issue a new judgment consistent with this order and the opinion within 56 days of the Clerk's certification of this order.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders or judgments entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

DEC 04 2014
_____
Date

_____
Chief Clerk