*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE M. OLIVERO,

UNPUBLISHED
September 10, 2020

Plaintiff-Appellee,

v

No. 348747
Washtenaw Circuit Court
LC No. 16-001110-DM

MICHAEL P. OLIVERO,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order adopting the recommendation of the Friend of the Court (FOC) for an order of child support. For the reasons set forth in this opinion, we vacate the trial court's child support order and remand this matter for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff and defendant were married on June 17, 2000, and they were divorced by a consent judgment of divorce entered on May 31, 2017. The parties have two minor children. The consent judgement of divorce incorporated a uniform child support order requiring defendant to pay child support to plaintiff in the amount of $1,000 per month. Child support is the only matter at issue in this appeal.

In October 2017, plaintiff moved to modify child support based on a change in the parties' parenting time schedule. The trial court referred the child support matter to the FOC. On November 30, 2017, the FOC issued a written final recommendation that defendant be required to pay child support to plaintiff in the amount of $1,424 per month pursuant to the Michigan Child Support Formula (MCSF), beginning on October 18, 2017. In calculating this amount, the FOC

---

[1] *Olivero v Olivero*, unpublished order of the Court of Appeals, entered September 13, 2019 (Docket No. 348747).

indicated that defendant was employed by the Michigan Department of Corrections, that defendant worked 40 hours per week at a rate of $26.53 per hour, and that defendant earned overtime pay that varied in amount during each pay period. With respect to plaintiff, the FOC indicated that she was employed part-time as a sales associate, earning $9 per hour plus minimal tips and working approximately 25 hours per week. However, the FOC imputed income to plaintiff of $10 per hour for 35 hours per week based on her work history and earning potential.

Defendant objected to the FOC's recommendation, arguing that the FOC miscalculated his overtime and made other errors not relevant to the issues before this Court on appeal. The child support matter was scheduled for an evidentiary hearing, but defendant moved before the hearing occurred for the matter to be referred to the FOC for an investigation and recommendation. Defendant alleged he was no longer working overtime and was therefore earning a lower income. Defendant also sought a modification in parenting time.

On March 14, 2018, the trial court referred the matter to the FOC for investigation and recommendations on the issues of parenting time and child support. The FOC issued a written final recommendation on May 25, 2018, recommending that defendant be required to pay child support to plaintiff in the amount of $1,189 per month pursuant to the MCSF. This time, in addition to noting that defendant was still working 40 hours per week for the same employer and at the same hourly rate, the FOC noted that defendant had submitted his 2017 W-2 indicating that his annual income was $75,368.76. The FOC stated that plaintiff had obtained employment as a teacher assistant at a daycare, working 40 hours per week at a rate of $11 per hour. The FOC also recommended that defendant's parenting time be expanded to include overnight parenting time.[2]

On June 15, 2018, the trial court entered an order adopting the FOC recommendation. The order did not state that the ordered child support constituted a deviation from the MCSF. Defendant subsequently objected to the FOC recommendation, alleging with respect to the child support determination that his child support was calculated on the basis of his 2017 income that included overtime pay even though defendant had not been working overtime in 2018 and would earn $20,000 less in 2018 than he did in 2017.

The trial court held an evidentiary hearing to address defendant's objections. At the evidentiary hearing, defendant testified that he was not working overtime in 2018. He testified that he used to work "a lot and lot and lot of overtime," primarily to pay the household bills. He testified that he was tired of working overtime at the prison because it was a stressful environment and he preferred to work 8-hour shifts instead of 16-hour shifts. He stated that he typically could not work only a couple of hours of overtime but would instead have to work another full eight-hour shift if he volunteered for overtime. During closing arguments, defendant reiterated that he was no longer working overtime because he had been working overtime for too long and could not work only small amounts of overtime. Defendant argued that he wanted to focus more on his family. Defendant stated that his annual income was $50,366 without overtime, based on his

---

[2] The most recent parenting time order had not provided defendant with any overnight parenting time.

standard hourly rate. He further argued that under the MCSF, the overtime income he had previously earned should not be imputed to him now.

Following the evidentiary hearing, the trial court issued a written opinion and order adopting the FOC recommendation with respect to both parenting time and child support. With respect to child support, the trial court's opinion and order stated as follows:

> Plaintiff is employed at Teddy Bear Daycare as a teaching assistant. She works 40 hours a week and earns $11.00 per hour. She is listed as head of household with three tax exemptions. Defendant works at the Michigan Department of Corrections. Defendant works 40 hours per week and earns $26.53 per hour. Defendant's annual income for 2017 was $75,368.76. Historically, Defendant has earned an income, with overtime, in the $70,000.00 range. The Friend of the Court calculation regarding child support is correct. At trial, Defendant testified that he is no longer working overtime because he wants to spend more time with family. The Court finds this testimony potentially disingenuous. Defendant has two families and any decision to reduce income makes no sense. Coupling this stated decision to spend more time with family with his wife's claim of indigency further baffles the Court and is difficult to believe. The Court can only conclude that this voluntary reduction in income is to spite Plaintiff and/or to reduce his support obligation. Sadly, it will only adversely impact his children. The Court adopts both of the Friend of the Court recommendations for the period covering October 6, 2017 to June 8, 2018, and the recommendation issued on May 25, 2018.

Defendant moved for reconsideration of the child support calculation, arguing that the trial court misapplied the MCSF. Specifically, defendant contended that the trial court improperly imputed potential overtime income to him and failed to make necessary findings of facts to otherwise support the child support determination. He argued that his child support obligation should have been based on an annual income of $58,366. The trial court denied defendant's motion for reconsideration.

On appeal, defendant argues that the trial court erroneously imputed potential overtime earnings to him as income when he had not been working overtime during 2018 or, in the alternative, that the trial court erroneously failed to adhere to the requirements for deviating from the MCSF. Plaintiff has not filed a brief on appeal.

## II. STANDARD OF REVIEW

"Child support orders and the modification of such orders are reviewed for an abuse of discretion." *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). We also review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Luckow Estate v Luckow*, 291 Mich App 417, 423; 805 NW2d 453 (2011). "A trial court abuses its discretion when it reaches a decision that falls outside the range of principled outcomes." *Id*. "Whether a trial court properly operated within the statutory framework relative to child support calculations and any deviation from the child support formula are reviewed de novo as questions of law." *Peterson*, 272 Mich App at 516.

III. ANALYSIS

"In determining child support, the trial court must generally follow the formula set forth in the MCSF Manual, which is published by the FOC pursuant to legislative mandate. MCL 552.519(3)(a)(*vi*); MCL 552.605(2). Similarly, the FOC is generally required to use the child support formula found in the MCSF Manual in calculating support." *Peterson*, 272 Mich App at 516 (quotation marks and some citations omitted). Under the MCSF, the first step in determining the parents' support obligation is to calculate each parent's net income. *Borowsky v Borowsky*, 273 Mich App 666, 673; 733 NW2d 71 (2007).

Pursuant to the MCSF Manual, "[i]ncome includes . . . overtime pay . . . from all employers or as a result of any employment . . . ." 2017 MCSF 2.01(C)(1). Such income is determined on the basis of "[a]ctual earnings for overtime." 2017 MCSF 2.01(G)(1)(b). The MCSF Manual also permits income that a parent could *potentially* earn to be imputed to the parent under some circumstances. Specifically, "[w]hen a parent is voluntarily unemployed or underemployed, or has an unexercised ability to earn, income includes the potential income that parent could earn, subject to that parent's actual ability." 2017 MCSF 2.01(G). "The amount of potential income imputed should be sufficient to bring that parent's income up to the level it would have been if the parent had not reduced or waived income." 2017 MCSF 2.01(G)(1). However, "[t]he amount of potential income imputed (1) should not exceed the level it would have been if there was no reduction in income, (2) *not be based on more than a 40 hour work week, and* (3) *not include potential overtime or shift premiums*. 2017 MCSF 2.01(G)(1)(a) (emphasis added). Moreover, "[i]mputation is not appropriate where an individual is employed full time (35 hours per week or more, but has chosen to cease working additional hours (such as leaving a second job or refusing overtime)." 2017 MCSF 2.01(G)(1)(b).

The MCSF Manual provides a list of 11 specific factors for the FOC and the trial court to use to determine "whether the parent in question has an actual ability to earn and a reasonable likelihood of earning the potential income" when imputing income to a parent. 2017 MCSF 2.01(G)(2).[3] A trial court "violates caselaw and does not comply with [§ 2.01(G) of the MCSF

---

[3] This provision states as follows:

Use relevant factors both to determine whether the parent in question has an actual ability to earn and a reasonable likelihood of earning the potential income. To figure the amount of potential income that parent could earn, consider the following when imputing an income:

(a) Prior employment experience and history, including reasons for any termination or changes in employment.

(b) Educational level and any special skills or training.

(c) Physical and mental disabilities that may affect a parent's ability to work, or to obtain or maintain gainful employment.

Manual]" if it imputes income to a parent for purposes of determining a support obligation and "[f]ail[s] to articulate information about how each factor in § 2.01(G)(2) applies to a parent having the actual ability and a reasonable likelihood of earning the imputed potential income, or fail[s] to state that a specific factor does not apply." 2017 MCSF 2.01(G)(4)(c); see also *Ghidotti v Barber*, 459 Mich 189, 198-200; 586 NW2d 883 (1998).

In this case, the FOC calculated defendant's child support obligation in its May 25, 2018 final recommendation based on his 2017 W-2, which indicated that defendant's annual income was $75,368.76. The FOC also noted that defendant reported working 40 hours per week at a rate of $26.53 per hour. Defendant testified at the evidentiary hearing that although he had previously worked a significant amount of overtime, he was no longer working overtime in 2018. Defendant argued that his annual income without overtime was substantially less—approximately $20,000— than what he had earned in 2017. The trial court ruled that the FOC's calculation was correct, noting that defendant had "[h]istorically . . . earned an income, with overtime, in the $70,000.00 range." The trial court acknowledged that defendant's previous income "in the $70,000 range" was the result of working overtime, that defendant had testified that he was no longer working overtime, and that defendant worked 40 hours per week at a rate of $26.53 per hour. The trial court apparently conceded that defendant's income in 2018 was lower than what he had earned in 2017 as a result of defendant's decision to refrain from working overtime.

In adopting the FOC's calculation based on an annual income that included overtime pay, the trial court imputed potential overtime pay to defendant that he had not earned. The trial court thereby committed legal error by misapplying the MCSF: because defendant was undisputedly still

---

(d)  Availability for work (exclude periods when a parent could not work or seek work, e.g., hospitalization, incarceration, debilitating illness, etc.).

(e)  Availability of opportunities to work in the local geographical area.

(f)  The prevailing wage rates and number of hours of available work in the local geographical area.

(g)  Diligence exercised in seeking appropriate employment.

(h)  Evidence that the parent in question is able to earn the imputed income.

(i)  Personal history, including present marital status, present means of support, criminal record, ability to drive, and access to transportation, etc.

(j)  The presence of the parties' children in the parent's home and its impact on that parent's earnings.

(k)  Whether there has been a significant reduction in income compared to the period that preceded the filing of the initial complaint or the motion for modification.  [2017 MCSF 2.01(G)(2).]

working full-time for his employer but had simply chosen to cease working overtime, the trial court was prohibited from imputing potential income to defendant on the basis of overtime that he had voluntarily declined. 2017 MCSF 2.01(G)(1). There is nothing in § 2.01(G) that makes a parent's reasons for declining overtime relevant to the imputation analysis. The trial court improperly failed to comply with the plain language of the MCSF Manual.[4] *Peterson*, 272 Mich App at 518.

Furthermore, even if the trial court's opinion and order could be construed as a deviation from the MCSF, as opposed to imputing income, the trial court still erred. MCL 552.605(2), in general terms, requires a court to "order child support in an amount determined by application of the child support formula developed by the state friend of the court bureau" except, as relevant to the instant case, that the "court may enter an order that deviates from the formula if the court determines from the facts of the case that application of the child support formula would be unjust or inappropriate and sets forth in writing or on the record all of the following: (a) The child support amount determined by application of the child support formula. (b) How the child support order deviates from the child support formula. (c) The value of property or other support awarded instead of the payment of child support, if applicable. (d) The reasons why application of the child support formula would be unjust or inappropriate in the case."

In this case, the trial court failed to make all of these necessary findings. Therefore, to the extent the trial court's child support determination could be considered a deviation from the MCSF, the trial court erred. *Id.*; see also *Peterson*, 272 Mich App at 519 ("If deviating, the trial court must satisfy the requirements set forth in MCL 552.605(2)(a) through (d) in writing or on the record."); 2017 MCSF 1.04(B)(1) ("When entering an order that deviates from the child support formula, the court must record (a) its reasons for finding that the formula would produce an unjust or inappropriate result, as well as (b) the information required by MCL 552.605(2).").

Accordingly, we vacate the order for child support and remand this case to the trial court for further proceedings not inconsistent with this opinion.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ Jonathan Tukel

---

[4] We also note that the trial court further erred by imputing income to defendant without articulating the necessary findings on the factors contained in § 2.01(G)(2) of the MCSF Manual. 2017 MCSF 2.01(G)(4)(c).