FISHER v FISHER

Docket No. 270241. Submitted August 8, 2007, at Detroit. Decided
     August 16, 2007, at 9:00 a.m.

Grant S. Fisher obtained a divorce from Joanne M. Fisher in the
     Wayne Circuit Court. Physical custody of the parties' child was
     granted to the defendant, and the plaintiff was ordered to pay child
     support through income withholding. The plaintiff proceeded to
     accumulate an arrearage in his support obligation. After the
     plaintiff became disabled, the court determined that the plaintiff's
     sole source of income was Social Security Disability (SSDI) ben-
     efits and the Friend of the Court began withholding for child
     support from the plaintiff's monthly SSDI checks. The plaintiff
     then accumulated postdisability child support arrearages. At the
     same time support payments were being made through withhold-
     ing from the plaintiff's SSDI checks, the defendant was receiving
     SSDI checks directly from Social Security on the child's behalf and
     based on the plaintiff's disability. The amount of SSDI benefits the
     defendant received on behalf of the child plus the amount withheld
     from the plaintiff's SSDI checks came to exceed the plaintiff's
     support obligation. The plaintiff filed a motion for an abatement of
     his child support obligation, for credit of the excess payments
     against his arrearages, and for a refund of any remaining overpay-
     ments. The court, John W. Callahan, J., granted the motion, in
     part, ruling that direct SSDI payments to the defendant could be
     credited only against support arrearages accumulated since the
     date of the plaintiff's disability, that withholdings from the plain-
     tiff's SSDI checks could be used to satisfy predisability arrearages,
     but that any remaining support overpayments could not be used to
     offset any future support obligations. The plaintiff appealed by
     leave granted.

     The Court of Appeals *held*:

     1. Social Security benefits paid directly to a custodial parent,
     on behalf of a child and as a result of the noncustodial parent's
     disability, may be credited against the noncustodial parent's child
     support obligations that arise during the disability, but may not be
     applied to any prior child support arrearages. The trial court

properly applied the Social Security payments directly paid to the defendant against the plaintiff's postdisability child support arrearage.

2. The excess payments withheld from the plaintiff's SSDI checks were from his own income, and the trial court properly applied them to the plaintiff's predisability child support arrearage.

3. Under MCL 552.603, each child support payment is the equivalent of a final judgment and is not subject to retroactive modification. Subject to certain exceptions not relevant to this case, the statute mandates finality of child support obligations and child support payments to ensure the welfare of children and their right to support by their parents. The statute bars the plaintiff from recovering any remaining support overpayments after receiving credit against pre- and postdisability support arrearages.

Affirmed.

1. DIVORCE — CHILD SUPPORT — SOCIAL SECURITY — DISABILITY — SUPPORT ARREARAGES.

Social Security benefits paid directly to a custodial parent, on behalf of a child and as a result of the noncustodial parent's disability, may be credited against the noncustodial parent's child support obligations that arise during the disability, but may not be applied to any prior child support arrearages.

2. DIVORCE — CHILD SUPPORT — RETROACTIVE MODIFICATION.

Each court-ordered child support payment is the equivalent of a final judgment and is not subject to retroactive modification (MCL 552.603).

*Forrest & Smith, P.C.* (by *Thelma L. Forrest, Willete J. Oleh*, and *Nicole L. Smith*), for the plaintiff.

Before: DAVIS, P.J., and SCHUETTE and BORRELLO, JJ.

DAVIS, P.J. Plaintiff appeals by leave granted the trial court's order denying his motion for reimbursement of overpaid child support but giving him a credit against his child support arrearage. We affirm.

The parties were previously married, and they had one child born in 1987. The parties separated in 1989, at which time plaintiff was ordered to pay child support by means of income withholding. A default judgment of divorce was entered in 1992. Plaintiff's withholding was initially $80 a week, and in 1998 it was later increased to $117 a week. In 1999, the trial court determined that plaintiff's sole source of income was Social Security disability (SSDI) benefits; in 2000, the Friend of the Court began withholding $510.80 a month from plaintiff's Social Security checks. Plaintiff had accumulated an arrearage on his child support obligations at the time he became disabled. However, when plaintiff became disabled, defendant began receiving SSDI benefits directly on behalf of the child, and those benefits exceeded plaintiff's support obligations. Defendant continued to receive the amounts withheld from plaintiff's SSDI checks and the direct Social Security payments.

Plaintiff moved to abate his child support obligation, to credit the excess payments against his arrearage, and to obtain a refund of any remaining overpayments. Defendant admitted receiving the Social Security payments, and she conceded that the excess payments could be credited against any arrearages that had accumulated since plaintiff's disability. Defendant contended that plaintiff was otherwise seeking an impermissible retroactive modification of child support. The trial court concluded that the direct Social Security payments could be credited only against any arrearages accumulated since the date of his disability, but that the withholdings from plaintiff's SSDI checks could be used to satisfy any predisability arrearages. However, the trial court also concluded that the excess child support payments remaining after satisfying both categories of

arrearages could not be used for any future obligations.[1] This Court granted plaintiff leave to appeal.

Generally, this Court reviews child support orders and orders modifying support for an abuse of discretion. *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). Whether the trial court properly acted within the child support guidelines is a question of law that this Court reviews de novo. *Id.* at 516. This Court also reviews questions of statutory construction de novo. *Perry v Golling Chrysler Plymouth Jeep, Inc*, 477 Mich 62, 65; 729 NW2d 500 (2007).

We first address whether plaintiff was properly entitled to a credit against his arrearages, and we hold that the trial court properly credited him. In *Frens v Frens*, 191 Mich App 654, 656-658; 478 NW2d 750 (1991), this Court explained that Social Security benefits paid directly to a custodial parent, on behalf of a minor child and as a result of the disability of the noncustodial parent, may be credited against child support obligations that arise during the disability, but may not be applied to any prior arrearages. The trial court therefore properly applied the direct Social Security payments to give plaintiff credit against his post-disability arrearage.

The excess payments withheld from plaintiff's checks were from plaintiff's own income, and the trial court properly applied them to the predisability arrearage.

The significant issue in this case concerns the remaining overpayment. The trial court calculated that an arrearage of $8,056.47 accrued before plaintiff's disability. Plaintiff accumulated an additional arrearage of $10,216 between the date he became disabled and the

---

[1] Given that the child is now 20 years old and all arrearages have been paid, a credit against future obligations would likely be useless to plaintiff.

date the Friend of the Court began withholding money from his SSDI checks. Plaintiff's child support obligations after he began receiving Social Security benefits amounted to $33,712.80. Therefore, his total postdisability support obligation was $43,928.80. Defendant ultimately received $49,302 in direct Social Security payments for the child, which alone exceeded plaintiff's postdisability obligation (including the postdisability arrearage) by $5,373.20. Defendant also received $26,561.60 in withholdings from plaintiff's Social Security checks. The withholdings from plaintiff's Social Security checks exceeded his outstanding predisability arrearage by .$18,505.13. Plaintiff asserts that he is entitled to a refund of the overpayments withheld from his checks.[2]

The trial court relied in part on *Pellar v Pellar*, 178 Mich App 29, 33-36; 443 NW2d 427 (1989), in which this Court explained that voluntary overpayments made before the existence of an obligation cannot later be credited against that subsequent obligation. Plaintiff argues that his overpayments were not voluntary, and he seeks reimbursement rather than a credit against a future obligation. We conclude that the relief plaintiff seeks is precluded by MCL 552.603, which, among other things, establishes that "each support payment [is] the equivalent of a final judgment and prohibit[s] retroactive modification" thereof. *Waple v Waple*, 179 Mich App 673, 677; 446 NW2d 536 (1989). One of the ramifications of this statute is that a court may not retroactively

---

[2] Plaintiff does not seek a refund for the direct SSDI payments. We note that, in any event, the Michigan Child Support Formula Manual explains that Social Security disability payments made directly to a child can be credited against child support obligations only up to the full amount of those obligations, and no more. See 2004 MCSFM 2.05(C), (D).

modify an accumulated child support arrearage.[3] *Adams v Linderman*, 244 Mich App 178, 185-186; 624 NW2d 776 (2000). In fact, this has been described as "the rule against retroactive child support orders," and it not only precludes retroactive reductions in child support, but also retroactive increases. *Harvey v Harvey*, 237 Mich App 432, 437-439; 603 NW2d 302 (1999).

The policy underlying this rule is an important one: ensuring the welfare of children and their right to support by their parents. *Harvey, supra* at 438-439. Child support is for the benefit of the child, and it is important to protect children against disruptions in child support payments. *Pellar, supra* at 34-36. In light of this policy, parents should be able to rely on not only *receiving* the payments that are ordered, but also on *using* them. *Hall v Novik*, 256 Mich App 387, 398-399; 663 NW2d 522 (2003). Although this Court in *Hall* discussed the need to protect custodial parents from "fear that reimbursement will be later required following a change in the law," *id.* at 399, the same principle applies to *any* future reimbursement. Although the statute provides for a handful of exceptions not at issue here, the general rule is that the protection of children mandates the finality of child support obligations and child support payments.

The gravamen of plaintiff's argument is that he should not have had to make all the child support payments that he was ordered to pay. However, those payments were properly paid pursuant to valid court orders at the time. The only way to "undo" those payments is by retroactively determining that plaintiff was not, in fact, under an obligation to pay them and

---

[3] We note that the statute does contain exceptions that are not applicable here, such as a prior agreement between the parties or certain temporary or interim orders.

retroactively rescinding those court orders. Doing so contravenes the literal dictates of MCL 552.603, as well as its spirit and intended goals. Obtaining a refund for those payments is not functionally distinguishable from retroactively negating the obligation to pay them. Therefore, having made child support payments, plaintiff may not get them back. The fundamental goal of child support is to protect *the child*, and an essential step toward accomplishing that goal is to provide certainty for all parties. The recipient of child support payments should be able to rely on them. Likewise, a noncustodial parent who makes child support payments should be able to rely on his or her court-determined obligation when making payments.

This case graphically illustrates the need for payers and payees of child support to keep the Friend of the Court and each other appraised in a timely manner of significant changes in economic circumstances. In particular, the statute explicitly *permits* retroactive modification of child support obligations "with respect to a period during which there is a pending petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support." MCL 552.603(2). This Court has previously explained that Social Security benefits paid directly to a child should be treated like any other change in circumstance. *Jenerou v Jenerou*, 200 Mich App 265, 267-268; 503 NW2d 744 (1993). This Court explained that a party seeking benefits should petition for modification on the basis of the anticipated change of circumstances, and the trial court could then defer ruling on the petition until the change occurs or until it becomes clear that the change will not occur. *Id.* "This would give the trial court the power to retroactively modify the support order to take into account all the changes in circumstance, while at the same time providing the

custodial parent with notice that such a modification is a possibility." *Id.* at 268. The same approach applies to other anticipated changes in circumstance. It is incumbent on the parties to keep each other and the court apprised of any change in circumstances.

Having paid his court-ordered child support obligations, and in the absence of any exceptions to the general rule against retroactive modification of child support obligations, plaintiff may not obtain a refund.

Affirmed.