*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CANDICE BENNETT,

Plaintiff-Appellee,

v

ALVIS PERRY,

Defendant-Appellant.

UNPUBLISHED
December 03, 2024
10:41 AM

No. 368185
Wayne Circuit Court
Family Division
LC No. 20-162389-DP

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

In this child-custody case, defendant appeals as of right the trial court's order adopting the interim orders of support following a hearing on defendant's objections to the judgment of support and uniform child support order previously entered as interim orders. We affirm.

This case arises from a dispute regarding several child-custody determinations regarding child support and paternity. Plaintiff and defendant are the mother and father, respectively, of minor child BP. In July 2020, plaintiff filed a complaint against defendant to establish defendant's paternity over BP and to require defendant to pay child support for BP. The complaint listed defendant's name as Alvis Perry and requested the court to "establish paternity . . . and grant such further statutory and/or equitable relief allowed by law, including modification of any in-common child support orders of the parties." A summons was issued in July 2020 and defendant was properly served in July 2020 via alternate service with the summons and complaint under the name Alvis Perry.

Defendant did not answer plaintiff's complaint. In February 2023, a default judgment hearing was held regarding plaintiff's complaint for a paternity determination and child support. Defendant's paternity over BP was established under MCL 722.717(1)(c), which provides, "the court shall enter an order of filiation declaring paternity and providing for child support of the child [when] . . . [t]he defendant is served with a summons and a default judgment is entered against him." Following the hearing, the court entered a default interim judgment of support which established defendant's paternity over BP, determined plaintiff had sole legal and physical custody

-1-

of BP, and determined defendant must pay a monthly child-support obligation of $614. The court also entered a uniform child support order outlining defendant's support obligation.

In April 2023, defendant filed a list of written objections to the two interim orders. Defendant stated that he, "a freeman known to use the name Eleyah-Ben: Avadliel-El, as homo liber objects to this corporate venue because it lacks personam jurisdiction over a freeman because he is exempt from service and jurisdiction of another." Defendant then "denie[d] being the corporate STATE created legal entity known as ALVIS EUGENE PERRY[,] the alleged defendant named in this case." Defendant signed the document using the name Eleyah-Ben: Avadliel-El, stating he was acting in the interest of "ALVIS EUGENE PERRY – LEGAL ENTITY."

In September 2023, a hearing was held regarding defendant's objections to the two interim orders. Defendant appeared for the hearing but refused to identify himself. The court determined that the "written objections that were provided to the court contain no legally cognizable claim regarding the objection." The court concluded, "[T]here is no . . . written objection that the court can decipher as to the terms of the proposed judgment." The court then dismissed defendant's objections and entered an order adopting both the interim judgment of support order and the uniform child support order.

On appeal, defendant argues the trial court erred when it dismissed his objections and entered the order establishing paternity and child support because the court failed to establish personal jurisdiction over him. Specifically, defendant argues "Alvis Perry" is a legal entity, and thus, the court failed to establish personal jurisdiction over his true person, the "lawful freeman Eleyah-Ben: Avadliel-El." We disagree.

"Child support orders and the modification of such orders are reviewed for an abuse of discretion." *Peterson v Peterson*, 272 Mich App 511, 515; 727 NW2d 393 (2006). "An abuse of discretion occurs when a court selects an outcome that is not within the range of reasonable and principled outcomes." *Stallworth v Stallworth*, 275 Mich App 282, 284; 738 NW2d 264 (2007). Further, this Court "review[s] for clear error . . . the trial court's factual findings underlying its determination of a child-support award." *Id*. "This Court also reviews questions of statutory construction de novo." *Fisher v Fisher*, 276 Mich App 424, 427; 741 NW2d 68 (2007).

A court "cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process." *Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011) (quotation marks and citation omitted). Further, a court must obtain personal jurisdiction over a defendant in order to "satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(K)(1).

Under MCR 2.105(A), "[p]rocess may be served on a resident or nonresident individual by delivering a summons and a copy of the complaint to the defendant personally, or sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee." However, "[o]n a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(J)(1).

Here, plaintiff made multiple attempts to serve defendant personally. A court officer attempted personal service at defendant's place of work once and personal service at defendant's residence twice. After the failed attempts at service, plaintiff filed a motion to allow for substituted service. The court then entered an order allowing for alternate service. On September 25, 2020, the court officer successfully served "a copy of the summons and complaint and order for alternate service upon Alvis Perry" by "[t]acking or firmly affixing [the documents] to [defendant's] door." Thus, we conclude that defendant was properly served the summons and complaint under MCR 2.105(J)(1), and consequently, the trial court appropriately exercised personal jurisdiction over defendant.

Additionally, we find defendant's argument concerning his position as a "freeman" and "sovereign citizen" unpersuasive. Defendant attempts to skirt the trial court's jurisdiction under the guise of "Alvis Perry" being a fictious legal entity. The sovereign citizen movement attempts to create a distinction between "natural" and "artificial" persons. See Kalinowski, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont L Rev 153, 158 (2019). The ideology behind the movement can be summarized as follows:

> Sovereign citizens believe that the U.S. citizen is a legal fiction that has been created by the federal government, via the social security application, and is a corporate employee of the United States by virtue of being a U.S. citizen. This artificial person alone is subject to the jurisdiction of the federal government and the state government . . . . Due in part to the identification of the legally fictitious person, as distinct from a natural person, Sovereign Citizens place special emphasis on the use of nouns, capitalization, and surnames to support and articulate their theory. For example, when filing motions or pleadings, Sovereign Citizens may refer to themselves as "I, a Man, of the Family [defendant's surname], representing the Artificial Personhood of [defendant's name in full capital letters]. [*Id.* (quotation marks and citations omitted).]

Further, federal courts have also dismissed claims of sovereign citizenry as frivolous and fictitious. See *Potter v United States*, 161 Fed Cl 24, 29 (2022) ("[T]he legal fiction presented by [the] plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement. There is no jurisdiction in this court for fictitious claims."); *Walby v United States*, 144 Fed Cl 1, 3 (2019) ("The theory that [sovereign citizens] . . . are not persons subject to taxation under the Internal Revenue Code has long been rejected as completely lacking in legal merit and patently frivolous." (Quotation marks and citation omitted)).

Here, defendant presents a sovereign-citizen style argument. In his objections to the trial court's interim orders regarding paternity and child support, defendant refers to himself as "[I,] a freeman known to use the name Eleyah-Ben: Avadliel-El, In the Interest of ALVIS EUGENE PERRY – LEGAL ENTITY." In his brief on appeal, defendant similarly refers to himself as "Eleyah-Ben: Avadliel-El on behalf of the legal entity/persona known as ALVIS PERRY." We conclude defendant's argument, that he is a distinct person or entity from "Alvis Perry," lacks legal

merit and is a fictitious argument.  Thus, we agree with the trial court that defendant's objections "contain no legally cognizable claim."

Affirmed.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace